Bn IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Jose Antonio Ledesma, | ) | |
| | ) | **ORDER DENYING** |
| Petitioner, | ) | **PETITIONER'S MOTION TO** |
| | ) | **CORRECT SENTENCE** |
| vs. | ) | |
| | ) | Criminal No. 3:04-cr-153 |
| United States of America, | ) | |
| | ) | Civil No. 3:06-cv-57 |
| Defendant. | ) | |

Before this Court is a motion by Petitioner Jose Antonio Ledesma, appearing pro se, pursuant to 28 U.S.C. § 2255, under which a prisoner may move the sentencing court for a correction in sentence (doc. # in case no. 3:04-cr-153; doc. #1 in case no. 3:06-cv-57). For the reasons set forth below, the motion is **DENIED.**

Petitioner was charged with nine counts of an eleven-count, multi-defendant indictment. On February 24, 2005, Defendant, represented by counsel, pled guilty to engaging in a continuing criminal enterprise, pursuant to a plea agreement reached with the United States. In this agreement, Petitioner specifically and unequivocally waived <u>all</u> rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Section 2255 of Title 28, United States Code. <u>See</u> Plea Agreement, docket #179 in case no. 3:04-cr-153 at ¶ 26. The petitioner also waived his right to appeal provided under Section 3742(a) of Title 18, United States Code. The plea agreement clearly states that the petitioner understands that any appeal or other post-conviction relief inappropriately sought will be summarily dismissed by the court in which it is filed. Finally, the agreement recited that the petitioner understood the Eighth Circuit Court of Appeals has upheld this type of provision in <u>United States v. His Law</u>, 85 F.3d

1

379 (8th Cir. 1996).

The scope of a waiver contained within a plea agreement is not, however, unbounded. A waiver must be entered into knowingly and voluntarily. United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999). A waiver may be deemed not knowing or voluntary if it was the result of ineffective assistance of counsel. United States v. DeRoo, 223 F.3d 919, 923-24 (8th Cir. 2000). Here, Petitioner makes just such a claim. Petitioner, however, "faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." Id. at 925. He must first show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687 (1984). Additionally, Petitioner must show that the ineffective assistance resulted in prejudice. Id. It is not enough to merely establish that the outcome would have been different, rather he must show that counsel's deficient performance made the "trial unreliable or proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). In making this determination, the Court is aware that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." Koste v. Dormire, 345 F.3d 974, 985 (8th Cir. 2003) (citing Strickland, 466 U.S. at 690).

Petitioner's ineffective assistance claim alleges that counsel failed to advise client of his right to appeal the statutorily mandatory imposition of a five year period of supervised release, failed to provide counsel when Petitioner was questioned by Idaho authorities about criminal activities unrelated to the crimes alleged in the indictment after, and counsel's failure to make certain arguments during the sentencing hearing. The Court addresses these three ineffective assistance arguments in turn.

This first contention is without merit. Even setting aside the weighty presumption of competent counseling that Strickland requires, it cannot be shown that Petitioner was prejudiced by the alleged failure of his attorney to inform him of the mandatory five year period of supervised release as Petitioner was informed of the penalty though other channels. The plea agreement which Petitioner signed set forth the maximum term of imprisonment, the minimum mandatory term of imprisonment, the maximum fine, the special assessment of $100, and a supervised release of five years. (doc. #179 at ¶ 7). Further, at the February 24, 2005 change of plea hearing, this Court informed Petitioner that he faced a mandatory five year period of supervised release. (Change of Plea Hearing Transcript, pg. 4). It is clear that Petitioner had full knowledge of the penalties he faced, including the mandatory five year period of supervised release. The Court is unconvinced that the Petitioner would not have entered into the plea had he been aware of the mandatory period of supervised release. The Petitioner's plea and cooperation negated the mandatory imposition of a life sentence and the argument that he would have avoided this plea bargain because of the term of supervised release, simply strains credulity.

Petitioner's second claim regarding ineffective assistance during questioning by Idaho authorities likewise fails. Ineffective assistance of post-conviction counsel may not be the basis of federal habeas relief. Anderson v. Bowersox, 262 F.3d 839, 842 (8th Cir. 2001) (citing Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1996)).

Petitioner's final contention is that counsel, at the time of sentencing, failed to compare the sentences imposed against similarly situated defendants. Assuming for the sake of argument that such a contention is true, the Court cannot conclude that this omission made the proceeding fundamentally unfair. Lockhart, 506 U.S. at 372. Petitioner originally faced the mandatory

imposition of a life sentence.  Because of Petitioner's cooperation and plea, the United States moved to remove the mandatory minimum pursuant to USSG § 5K1.1.  Even after this motion by the government, Petitioner still faced a sentence of approximately thirty years (324 to 405 months), given the gravity of the offense and his criminal history.  The Court, after arguments by the defense counsel and the United States, imposed a sentence twenty years.  As is obvious, Petitioner received quite a large reduction in his sentence.  The Court thus cannot conclude the nature of the sentencing proceeding was fundamentally unfair.

  Petitioner additionally raises a due process claim.  The Court does not reach the merits of this argument.  Having concluded that Petitioner entered into the aforementioned plea agreement with the advice of competent counsel, the Court finds that Petitioner knowingly and voluntarily waived his right to post-conviction relief of this sort.  See Plea Agreement, docket #179 in case no. 3:04-cr-153 at ¶ **23**.  Such a waiver is enforceable.  His Law, 85 F.3d 379.  Petitioner's motion is **DENIED** in thus denied in its entirety.

  **IT IS SO ORDERED**.

  Dated this 13th day of March, 2007.

                /s/  Ralph R. Erickson
               Ralph R. Erickson, District Judge
               United States District Court